IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITIZENS INSURANCE COMPANY of AMERICA, a Michigan corporation; and | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil Action No.: ) |
| FRANCESCA'S MIDWEST HOLDINGS, INC. an Illinois corporation; and SANTIAGO MONARREZ, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Citizens Insurance Company of America ("Citizens"), by and through its counsel of record, and for its Complaint against Defendants Francesca's Midwest Holdings, Inc. ("Francesca") and Santiago Monarrez ("Monarrez"), states as follows:

**INTRODUCTION**

1. This is an insurance coverage dispute between Citizens and Francesca. Citizens issued Commercial Lines Policies to Francesca that contain a General Liability Coverage Part and a Cyber Liability Coverage Part. In this action, Citizens seeks a declaration that it has no duty to defend or indemnify Francesca under the Policies in connection with the underlying putative class action suit captioned *Monarrez v. Mia Francesca dba Francesca's Restaurant Group*, Case No. 21 CH 00371, filed in the Circuit Court of Cook County, Illinois.

**PARTIES, JURISDICTION AND VENUE**

2. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).

1

3. Plaintiff, Citizens, is a corporation organized under the laws of the State of Michigan, with its principal place of business in Worcester, Massachusetts.

4. Defendant, Francesca, is a corporation organized under the laws of the state of Illinois, with its principal place of business in Des Plaines, Illinois.

5. Defendant, Monarrez, is a citizen of the State of Illinois. Monarrez is joined in this suit as a nominal party defendant.

6. The Monarrez Lawsuit for which Francesca seeks a defense and indemnity is a putative class action. The Citizens Policies have Limits of Liability of $1 million for Personal and Advertising Injury, $2 million in the General Aggregate, and a $50,000 Privacy and Security Liability Limit.

7. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff Citizens and Defendants Francesca and Monarrez and (b) the amount in controversy, including the potential costs of both defending and indemnifying Francesca substantially exceeds $75,000.

8. Venue is appropriate under 28 U.S.C. § 1391 because the making of the insurance contract at issue, which forms the basis of this action occurred in the Northern District of Illinois.

## FACTUAL BACKGROUND

A. The Policies

9. Citizens issued the following Commercial Lines Policies to Francesca:

No. ZBC D934418 00, effective June 1, 2019 to June 1, 2020 (the "2019 Policy");

No. ZBC D934418 01, effective June 1, 2020 to June 1, 2021 (the "2020 Policy").

(the "Citizens Policies"). A true and correct copy of the Citizens Policies are attached hereto as **Exhibits A-B,** respectively.

10. Both of the Citizens Policies contain a General Liability Coverage Part that has Limits of Liability of $1 million for Personal and Advertising Injury and $2 million in the Aggregate. The 2019 Policy also has a Cyber Liability Coverage Part that has a $50,000 Maximum Aggregate Limit of Liability, subject to a $5,000 Deductible. The 2020 Policy does not contain a Cyber Liability Coverage Part.

### B. The Monarrez Lawsuit

11. On January 26, 2021, Monarrez, individually and on behalf of all others similarly situated, filed a putative class action against Mia Francesca dba Francesca's Restaurant Group ("Mia Francesca"), bearing Case No. 21 CH 00371, in the Circuit Court of Cook County, Illinois (the "Monarrez Lawsuit"). A true and correct copy of the Complaint filed in the Monarrez Lawsuit is attached hereto as **Exhibit C**.

12. The Complaint alleges that Francesca is a Restaurant Franchise with locations throughout Illinois, and that when employees first begin their jobs at certain Francesca locations, they are required to scan their fingerprint in its biometric time tracking system as a means of authentication.

13. According to the Complaint, Francesca disregarded its employees' statutorily protected privacy rights and unlawfully collects, stores, and uses their biometric data in violation of the Illinois Biometric Information Privacy Act ("BIPA").

14. Specifically, the Complaint alleges that Francesca has violated (and continues to violate) the BIPA because it did not: properly inform Plaintiff and the Class members in writing of the specific purpose and length of time for which their fingerprints were being collected, stored,

and used. as required by the BlPA; provide a publicly available retention schedule and guidelines for permanently destroying Plaintiffs and the Class's fingerprints , as required by the BlPA; nor receive a written release from Plaintiff or the members of the Class to collect, capture, or otherwise obtain fingerprints, as required by the BIPA.

15. The Complaint contains one count alleging violations of BIPA.

## COUNT I – DECLARATORY JUDGMENT

### (Cyber Liability Coverage – No Claim Made During 2019 Policy)

16. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 15 as and for Paragraph 16, as though the same were fully set forth herein.

17. The Insuring Agreement in the Cyber Liability Coverage Part of the 2019 Citizens Policy provides:

> **SECTION I – INSURING AGREEMENTS**
> **A. Privacy and Security Liability**
> The "insurer" will pay on behalf of the "insured",
> "loss" which the "insured" is legally obligated to pay due
> to a "claim" first made against the "insured" during the "policy period",
> or Extended Reporting Period if applicable, and which arises
> out of a "Privacy Breach" or a "Security Breach" to which this insurance applies.
>
> **B. Cyber Media Liability**
> The "insurer" will pay on behalf of the "insured",
> "loss" which the "insured" is legally obligated to
> pay due to a **"claim"** first made against the
> "insured" during the "policy period", or Extended
> Reporting Period if applicable, and which arises
> out of a "Cyber Media Breach" to which this
> insurance applies.
> ***

18. The Policy defines "claim", in relevant part, as:

> **1.** A written demand received by an "insured" for
> monetary damages or non-monetary relief
> including injunctive relief;
>
> **2.** Any complaint or similar pleading initiating a

4

>judicial, civil, or administrative proceeding;
>
>\*\*\*

19. The Monarrez Lawsuit was filed against Francesca on January 26, 202.

20. The 2019-20 Policy expired on June 1, 2020.

21. Accordingly, the Monarrez Lawsuit is a "claim" that was first made against Francesca on January 26, 2021, after the expiration of the 2019 policy period.

22. The Cyber Liability Coverage Part in the 2019 Citizens Policy, therefore, does not actually or potentially provide coverage for the Monarrez Lawsuit.

23. The 2020 Policy does not contain a Cyber Liability Coverage Part.

24. As a result, Citizens has no defense or indemnity obligation for the Rodriguez Lawsuit under the Cyber Liability Coverage Part of the 2019 Policy.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Francesca in connection with the Monarrez Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT II – DECLARATORY JUDGMENT

**(General Liability Coverage – Insuring Agreement in Policies)**

25. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 15 as and for Paragraph 25, as though the same were fully set forth herein.

26. The Personal and Advertising Injury Insuring Agreement in the General Liability Coverage Part in the Citizens Policies provides, in pertinent part:

>1. Insuring Agreement
>
>a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the

> right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:
>
> ***
>
> **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

27. The Policies define "personal and advertising injury", in relevant part, as injury, including consequential "bodily injury", arising out of one or more of the following offenses: ***

**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy *** .

28. The Monarrez Complaint does not allege any publication, and therefore, does not allege "personal and advertising injury".

29. The General Liability Coverage Parts in the Policies therefore do not actually or potentially provide coverage for the Monarrez Lawsuit.

30. Citizens consequently has no defense or indemnity obligation for the Monarrez Lawsuit under the General Liability Coverage Part of the Policies.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Francesca in connection with the Monarrez Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT III – DECLARATORY JUDGMENT

### (General Liability Coverage – Employment Practices Liability Exclusion in Policies)

31. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 15 as and for Paragraph 31, as though the same were fully set forth herein.

32. The Citizens Policies contain an Employment Practices Liability Exclusion Endorsement, which states:

> **B.** The following exclusion is added to Paragraph **2., Exclusions** of Section **I – Coverage B – Personal And Advertising Injury Liability:**
>
> This insurance does not apply to:
>
> "Personal and advertising injury" to:
>
> > **(1)** A person arising out of any:
> > **(a)** Refusal to employ that person;
> > **(b)** Termination of that person's employment; or
> > **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
>
> ***
>
> This exclusion applies:
>
> > **(1)** Whether the injury-causing event described in Paragraphs **(a), (b)** or **(c)** above occurs before employment, during employment or after employment of that person;
> >
> > **(2)** Whether the insured may be liable as an employer or in any other capacity; and
> >
> > **(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

33. The Monarrez Complaint is brought by employees of Francesca and alleges that Francesca violated its employees's privacy by requiring them to provide their biometric information for timekeeping purposes in violation of BIPA.

7

34. As a result, even assuming the Monarrez Lawsuit alleged "personal and advertising injury", such injury arises out of any employment-related practices, policies, acts or omissions such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution, and coverage is precluded under the General Liability Coverage Part of the Policies by reason of the Employment Practices Liability Exclusion.

35. The General Liability Coverage Part of the Policies do not actually or potentially provide coverage for the Monarrez Lawsuit.

36. Accordingly, Citizens has no duty to defend and indemnify Francesca for the Monarrez Lawsuit under the General Liability Coverage Part of the Citizens Policies.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Francesca in connection with the Monarrez Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

### COUNT IV– DECLARATORY JUDGMENT

**(General Liability Coverage – Recording and Distribution Exclusion in Policies)**

37. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 15 as and for Paragraph 37, as though the same were fully set forth herein.

38. The Citizens Policies contain the following Exclusion:

This insurance does not apply to:

**p. Recording And Distribution Of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:
**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;
**(2)** The CAN-SPAM Act of 2003, including any

amendment of or addition to such law;

**(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or

**(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

39. The Monarrez Complaint alleges that Francesca violated BIPA, a state statute, that addresses the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

40. Thus, even assuming the Monarrez Complaint alleges "personal and advertising injury", such injury arises directly or indirectly out of any action or omission that violates or is alleged to violate any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

41. Therefore, the Recording And Distribution Of Material Or Information In Violation Of Law Exclusion precludes coverage for the Monarrez Lawsuit under the General Liability Coverage Part of the Policies.

42. The General Liability Coverage Part of the Citizens Policies does not actually or potentially provide coverage for the Monarrez Lawsuit.

43. As a result, Citizens has no duty to defend or indemnify Francesca against the Monarrez Lawsuit.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Francesca in connection with the Monarrez Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT V– DECLARATORY JUDGMENT

### (General Liability Coverage – Access or Disclosure Exclusion in Policies)

44. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 15 as and for Paragraph 44, as though the same were fully set forth herein.

45. The Citizens Policies contain an Endorsement titled, "Exclusion – Access or Disclosure of Confidential or Personal Information and Data-Related Liability – With Limited Bodily Injury Exception, which provides, in relevant part:

> **B.** The following is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**
>
> **2. Exclusions**
> This insurance does not apply to:
> **Access Or Disclosure Of Confidential Or Personal Information**
> "Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.
>
> This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

46. The Monarrez Complaint alleges Francesca collects its employees' fingerprints in violation of BIPA.

47. Therefore, even assuming it alleges "personal and advertising injury", such injury arises out of access to or disclosure of any person's confidential or personal, non-public information and coverage for the Rodriguez Lawsuit is precluded under the General Liability Coverage Part of the Policies pursuant to the Access or Disclosure of Confidential or Personal Information Exclusion.

48. The General Liability Coverage Part of the Citizens Policies do not actually or potentially provide coverage for the Monarrez Lawsuit.

49. Accordingly, Citizens has no duty to defend or indemnify Francesca for the Monarrez Lawsuit under the General Liability Coverage Part of the Policies.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Francesca in connection with the Monarrez Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

Respectfully submitted,

Citizens Insurance Company of America

By: /s/ Kelly M. Ognibene
One of its Attorneys

Jeffrey A. Goldwater, Esq. (ARDC #6189014)
Kelly Ognibene, Esq. (ARDC #6297327)
Lewis Brisbois Bisgaard & Smith, LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
312-345-1718
Jeffrey.Goldwater@lewisbrisbois.com
Kelly.Ognibene@lewisbrisbois.com